FILED

DEC - 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re QUINTUS SECURITIES LITIGATION | No   C-00-4263 VRW |
| | **CLASS ACTION** |
| This Document Relates To: | JUDGMENT |
| ALL ACTIONS | |

1  This matter came for hearing on December 5, 2006 (the "Settlement Hearing"), upon the
2  application of the parties for approval of the Settlement set forth in the Stipulation of Settlement
3  dated October 24, 2005 (the "Stipulation") and the Memorandum of Understanding (the "MOU")
4  dated November 2004. Due and adequate notice having been given to the Members of the
5  Settlement Class, and the Court having considered all papers filed and proceedings had herein
6  and otherwise being fully informed in the premises and good cause appearing therefor, IT IS
7  HEREBY ORDERED, ADJUDGED AND DECREED that:
8      1.  This Judgment hereby incorporates by reference the definitions in the Stipulation,
9  and all terms used herein shall have the same meanings as set forth in the Stipulation.
10     2.  The Court hereby certifies a Settlement Class, pursuant to Rule 23 of the Federal
11 Rules of Civil Procedure, as follows:

> All Persons who purchased or acquired the common stock of Quintus Corporation ("Quintus" or the "Company") during the period from November 15, 1999, through November 15, 2000, inclusive. Excluded from the Settlement Class are plaintiffs in the California and Texas Actions (who have settled separately with Defendants as part of the global settlement) and the members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any such plaintiff has or had a majority equity interest; and Defendants, the officers and directors of the Company, the members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a majority equity interest.

19     3.  This Court has jurisdiction to enter this Final Judgment and Order of Dismissal.
20 The Court has jurisdiction over the subject matter of the Litigation and over all parties to the
21 Litigation, including all Members of the Settlement Class.
22     4.  The notice given to the stockholders of Quintus Corporation ("Quintus" or the
23 "Company") as set forth in the Notice of Pendency and Proposed Settlement of Class Action and
24 Settlement Hearing ("Notice of Pendency"), Proof of Claim and Release, and publication of the
25 Summary Notice as provided for in the Order Preliminarily Approving Settlement and Directing
26 Notice of Pendency and Settlement of Class Action and Setting Hearing Date for Final Approval
27 of Settlement constituted the best notice practicable under the circumstances, including the
28 individual notice to stockholders who could be identified through reasonable effort.

[PROPOSED] ORDER AND FINAL JUDGMENT — In re Quintus Corp. Sec. Litig., Case No. 00-4263 VRW

1

1  5.  Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil
2  Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed
3  to all Persons who are Settlement Class Members, advising them of the Settlement, the Plan of
4  Allocation, and plaintiffs' counsel's right to apply for attorney's fees and reimbursement of
5  expenses associated with the Litigation, and of their right to object thereto, and a full and fair
6  opportunity was accorded to all Persons who are Settlement Class Members to be heard with
7  respect to the foregoing matters.
8  6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
9  approves the Settlement as set forth in the Stipulation and finds that the Settlement is, in all
10 respects, fair, reasonable and adequate to the Lead Plaintiff, and the Settlement Class and each of
11 the Settlement Class Members, in light of the complexity, expense and possible duration of
12 further litigation, the discovery and investigation conducted, and the risk and difficulty of
13 establishing liability, causation and damages. This Court further finds that the Settlement set
14 forth in the Stipulation is the result of arm's-length negotiations between experienced counsel
15 representing the interests of the Lead Plaintiff, the Settlement Class Members, and Defendants.
16 Accordingly, the Settlement embodied in the Stipulation is hereby approved and shall be
17 consummated in accordance with the terms and provisions of the Stipulation and the MOU.
18 7.  The Court hereby finds that the proposed Plan of Allocation of the Net Settlement
19 Fund to Settlement Class Members, as set forth in the Notice of Pendency is, in all respects, fair,
20 reasonable and adequate and the Court hereby approves the Plan of Allocation. The Court
21 hereby finds that the formula for the calculation of the claims of Authorized Claimants which is
22 set forth in the Notice of Pendency, sent to Settlement Class Members, provides a fair,
23 reasonable and adequate basis upon which to allocate the proceeds of the Settlement Fund
24 established by the Stipulation among Settlement Class Members, with due consideration having
25 been given to administrative convenience and necessity. The parties to the Stipulation are hereby
26 directed to consummate and perform its terms.
27 8.  No requests for exclusion have been received. Accordingly, the Litigation is
28 dismissed on the merits with prejudice as to Defendants, without costs to any party as against any

[PROPOSED] ORDER AND FINAL JUDGMENT         In re Quintus Corp. Sec. Litig., Case No. 00-4263 VRW

2

1  released, relinquished and discharged the Lead Plaintiff, each and all of the Settlement Class
2  Members and all plaintiffs' counsel and their agents from all claims, including all claims for
3  malicious prosecution and Unknown Claims, arising out of, relating to, or connected with the
4  institution, prosecution, assertion or resolution of the Litigation or the Released Claims.
5      11.    Defendants' consent to the Stipulation, and the Settlement provided for therein,
6  may not be construed as an admission by Defendants, nor is this Judgment a finding or evidence,
7  of the validity of any claims in the Litigation or of any fault, wrongdoing or liability by
8  Defendants. Furthermore, Defendants' consent to the Stipulation, and the Settlement provided
9  for therein, may not be construed as a concession by any Defendant, nor shall it be used as an
10 admission or evidence of any fault or omission by any defendant. Neither this Judgment, the
11 Stipulation nor any document referred to herein nor any action taken to carry out this Stipulation
12 is, may be construed as, or may be used as, an admission by or against Defendants or evidence of
13 any fault, wrongdoing or liability whatsoever. Entering into or carrying out the Stipulation, and
14 the Exhibits thereto, and any negotiations or proceedings related thereto shall not, in any event,
15 be construed as, or deemed to be evidence of, an admission or concession with regard to the
16 denials or defenses by any Defendants and shall not be offered or received in evidence in any
17 action or proceeding against any party hereto in any court, administrative agency or other tribunal
18 for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation,
19 or any related agreement or release; except that the Stipulation and the Exhibits may be filed in
20 this Litigation or related litigation as evidence of the settlement or in any subsequent action
21 against or by the Defendants to support a defense of *res judicata*, collateral estoppel, release,
22 good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue
23 preclusion or similar defense or counterclaim.
24     12.    The Court reserves jurisdiction, without affecting the finality of this Judgment,
25 over: (a) implementation and enforcement of this Settlement, the allowance, disallowance or
26 adjustment of any Settlement Class Member's claim on equitable grounds and any award or
27 distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) hearing and
28 determining Lead Counsel's applications for attorneys' fees, costs, interest and expenses,

[PROPOSED] ORDER AND FINAL JUDGMENT        *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

4

1  including fees and costs of experts and/or consultants, and the award of reasonable costs and
2  expenses (including lost wages) directly related to the representation of the Settlement Class to
3  the Lead Plaintiff serving on the behalf of the Settlement Class; (d) enforcing and administering
4  this Judgment; (e) enforcing and administering the Stipulation including any releases executed in
5  connection therewith; and (f) other matters related or ancillary to the foregoing.

6      13.    The Court finds that during the course of the Litigation, the Settling Parties and
7  their respective counsel at all times complied with the requirements of Rule 11 of the Federal
8  Rules of Civil Procedure.

9      14.    A separate order shall be entered to approve Lead Counsel's applications for fees
10 and reimbursement of costs and expenses as allowed by the Court. Such order shall not disturb
11 or affect any of the terms of this Judgment.

12     15.    In the event that the Settlement does not become effective in accordance with the
13 terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is
14 returned to the Defendants, then this Judgment shall be rendered null and void to the extent
15 provided by and in accordance with the Stipulation and shall be vacated and, in such event, all
16 orders entered and releases delivered in connection herewith shall be null and void to the extent
17 provided by and in accordance with the Stipulation.

18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

[PROPOSED] ORDER AND FINAL JUDGMENT    *In re Quintus Corp. Sec. Litig.*, Case No. 00-4263 VRW

5

16.     Nothing in this Order, the Stipulation or the MOU, is intended to, or shall be interpreted as (I) affecting Quintus' prosecution of its litigation against CSFBA (USA), Inc, the underwriter for Quintus' IPO or (ii) derogating the Bankruptcy Court's jurisdiction to enforce the Stipulation and the MOU or to otherwise administer Quintus' estate or property and its bankruptcy case, including without limitation, the resolution of claims and interests and distributions under Quintus' chapter 11 plan.

IT IS SO ORDERED.

---
HONORABLE VAUGHN R. WALKER
UNITED STATES DISTRICT CHIEF JUDGE